In Proper Person
John W. Smirk
9904 Moonridge Court
Las Vegas, Nevada 89134
Telephone: (702) 241-4672
Electronic Mail: jsmirk@msn.com



___ FILED          ___ RECEIVED
___ ENTERED        ___ SERVED ON
            COUNSEL/PARTIES OF RECORD

**APR 1 5 2019**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOHN W. SMIRK,

                    Plaintiff,

vs.

TRUSTEES OF THE INTERNATIONAL
PAINTERS AND ALLIED TRADES
INDUSTRY PENSION PLAN; RICHARD
B. SIGMOND; INTERNATIONAL
PAINTERS AND ALLIED TRADES
INDUSTRY PENSION PLAN,

                    Defendants.

**2:19-cv-00650-JCM-VCF**

~~AMENDED~~ COMPLAINT

(DEMAND FOR JURY TRIAL)

Plaintiff, JOHN W. SMIRK, complains and alleges as follows:

FIRST CAUSE OF ACTION
(ERISA - WRONGFUL DENIAL [CANCELATION] OF BENEFITS
UNDER 29 U.S.C. § 1132)

1. Plaintiff, JOHN W. SMIRK (hereinafter "Smirk" or "Plaintiff"), is an individual residing in Las Vegas, Nevada.

2. Plaintiff is informed and believes and thereon alleges, that defendant International Painters and Allied Trades Industry Pension Plan (hereinafter "IUPAT Plan") is a pension benefit plan established and/or operating pursuant to the provisions of the Employee Retirement Income Security Act (hereinafter "ERISA") and therefore Plaintiff is informed and believes and thereon alleges that the remedies sought herein are provided for pursuant to 29 U.S.C. § 1132 as the statutory remedy for recovery of pension benefits and this complaint for relief.

3. Plaintiff is informed and believes and thereon alleges, that defendant Trustees of the IUPAT Plan (hereinafter "Trustees") and the present and former Trustees of the IUPAT Plan, at all times that Plaintiff has been a participant in the IUPAT Plan and have owed a fiduciary duty to Plaintiff as Trustees of the IUPAT Plan.

4. Plaintiff is informed and believes and thereon alleges, that defendant Richard B. Sigmond, at all times material herein, has been general counsel to the Trustees and the IUPAT Plan and also a fiduciary with fiduciary duties and responsibilities to the Plaintiff as a participant in the IUPAT Plan.

5. Plaintiff is informed and believes and thereon alleges, that at all times herein the above-mentioned defendants and each of them, were the agent, partner, employee and/or alter-ego of each other, and in doing the things herein alleged, were acting within the course and scope of said agency, partnership, or relation with the permission and consent of their co-defendants, and that each of them were working as a single entity and enterprise.

6. Plaintiff is informed and believes and thereon alleges, that the defendants are each jointly and severally liable for the actions of the other.

7. Plaintiff has been a member of the IUPAT Local 2001 since on or about July 1988. As a union member, Plaintiff has performed covered work within the geographical jurisdiction of the International Union of Painters and Allied Trades and its affiliated local unions and has had fringe benefit contributions made to the IUPAT Plan on his behalf for many years.

8. As a result of his many years of work and fringe benefit contributions made to the IUPAT Plan by contributing employers, Plaintiff became vested and eligible for an Early Retirement Benefit under the terms of the IUPAT Plan documents and Summary Description.

9. Plaintiff has been the Business Manager - Secretary-Treasurer (hereinafter "BMST") of the IUPAT District Council 15 (hereinafter "DC 15") since being elected to that position on July 1, 2004. The Plaintiff has continued to be the elected BMST of DC 15 since July 1, 2004, through periodic union elections. The latest such election was in June 2018 and the current term of Plaintiff as BMST runs through June 30, 2022.

10. Plaintiff submitted a completed Pension Benefit Application to the IUPAT Pension Plan on June 26, 2014, (hereinafter "Pension Application"). The Pension Application was submitted to the IUPAT Plan just after the Plaintiff was re-elected to the BMST position at DC 15.

11. Plaintiff is informed and believes that the defendant Trustees of the IUPAT Plan and IUPAT Plan Administrator knew that Plaintiff continued to be the BMST of DC 15 at the time that Plaintiff's Pension Application was submitted to the IUPAT Plan.

12. Plaintiff is informed and believes and thereon alleges, that Plaintiff's Pension Application was approved by the Trustees of the IUPAT Fund.

13. Plaintiff began receiving monthly pension benefit payments from the IUPAT Plan in July 2014, and those payments continued until April 2015 when the IUPAT suspended further pension benefits to Plaintiff.

14. Plaintiff is informed and believes and thereon alleges, that the defendants knew or should have known that Plaintiff continued to be the BMST of DC 15 while receiving pension benefit payments from the IUPAT Plan.

15. The IUPAT Plan document (hereinafter "Plan"), the Plan Summary Plan Description (hereinafter "SPD"), and Plan Rules and Regulations all include provisions for Suspension of Benefits if a participant "returns to work" before normal retirement age.

16. The Plan SPD and Plan Rules and Regulations all include provisions for a "waiver" of the Suspension of Benefits rules in the Plan.

17. Plaintiff is informed and believes and thereon alleges, that between 2010 and the present the IUPAT Plan has issued hundreds of waivers of suspension of benefits to various local unions, District Councils and individual beneficiaries of the IUPAT Plan. These waivers of suspension of benefits included DC 15 where the Plaintiff continued to work as BMST after his Pension Application was approved.

18. Plaintiff continued to work as a BMST at DC 15 pursuant to the waiver of suspension of benefits to DC 15 by the IUPAT Plan until April 15, 2016.

19. On April 15, 2016, the defendants suspended all pension benefits of Plaintiff under the IUPAT suspension of benefits language. The letter to Plaintiff on April 15, 2016, suspending Plaintiff's pension benefits makes no reference to the waiver of suspension language in the IUPAT Plan or the waiver of suspension of benefits the IUPAT repeatedly provided to DC 15.

20. On June 8, 2016, Plaintiff submitted a timely written appeal of the IUPAT Plan decision to suspend Plaintiff s pension benefits.

21. On October 7, 2016, the IUPAT Plan, through its Fund Administrator, denied the timely benefit appeal of Plaintiff.

22. On December 9, 2016, the IUPAT Plan issued a notice to Plaintiff of a "Benefit Overpayment" and demand for repayment of pension benefit payments made to Plaintiff by the IUPAT Plan from July 2014, to April 2016.

23. On February 6, 2017, Plaintiff submitted a timely written appeal of the IUPAT decision and Demand for Alleged Benefit Overpayment.

24. On March 21, 2017, the IUPAT Plan, through its Fund Administrator, denied the timely appeal by Plaintiff of the IUPAT decision and Demand for Alleged Benefit Overpayment.

25. Plaintiff is informed and believes and thereon alleges, that he has exhausted all administrative remedies provided for to collect benefits.

26. As a result of the defendants' refusal to grant Plaintiff the pension benefits to which he is entitled, Plaintiff has been damaged. The exact amount of damages will be established by proof at a trial herein.

27. As a result of the actions of defendants, the Plaintiff had to retain the services of The Urban Law Firm and incurred attorney's fees and costs associated with his claim and this action. Plaintiff is entitled to reimbursement of these and any future legal fees and costs under 29 U.S.C. § 1132(g)(1).

28. In addition to the amounts due by defendants to the Plaintiff, the Plaintiff is requesting payment of interest on the unpaid amounts according to the law.

## SECOND CLAIM FOR RELIEF
### (ERISA - BREACH OF FIDUCIARY DUTY)

29. The Plaintiff hereby incorporates by reference paragraphs 1 through 28, inclusive of his first cause of action to the same effect as if set forth herein verbatim.

30. Plaintiff is informed and believes and thereon alleges, that each of the Trustees of the IUPAT Plan are fiduciaries of the IUPAT Plan and owe a fiduciary duty to all IUPAT Plan beneficiaries, including Plaintiff.

31. Plaintiff is informed and believes and thereon alleges, that defendant RICHARD B. SIGMOND, at all times material herein has been legal counsel for the IUPAT Plan and a fiduciary of the IUPAT Plan and owes a fiduciary duty to all IUPAT Plan beneficiaries, including Plaintiff.

32. Plaintiff is informed and believes and thereon alleges, that the defendants and each of them owe a fiduciary duty to the Plaintiff and that defendants have breached that fiduciary duty in

arbitrarily and capriciously suspending the pension benefits of Plaintiff and demanding the repayment of an alleged benefit overpayment to Plaintiff.

33. Plaintiff is informed and believes and thereon alleges, that defendants and each of them have acted in a discriminatory manner and in bad faith in their dealing with Plaintiff and his application for benefits and that subsequent suspension of benefits of demand for repayment of an alleged overpayment to Plaintiff.

34. Plaintiff is informed and believes and thereon alleges, that the actions by the defendants and each of them have been taken with an ulterior motive designed to disparage and harass the Plaintiff.

35. As a result of the defendant's breach of their fiduciary duties and bad faith actions toward Plaintiff, Plaintiff has been damaged. The exact amount of damages will be established by proof at trial.

36. As a result of the actions of defendants, the Plaintiff had to retain the services of The Urban Law Firm and incurred attorney's fees and costs associated with his claim and this action. Plaintiff is entitled to reimbursement of these and any future legal fees and costs under 29 U.S.C. § 1132(g)(1).

37. In addition to the amounts due by defendants to the Plaintiff, the Plaintiff is requesting payment of interest on the unpaid amounts according to the law.

THIRD CLAIM FOR RELIEF

(ERISA - BREACH OF FIDUCIARY DUTY)

38. The Plaintiff hereby incorporates by reference paragraphs 1 through 37, inclusive of his first cause of action to the same effect as if set forth herein verbatim.

39. Plaintiff is informed and believes that the defendants and each of them have breached their fiduciary duty to the Plaintiff and every beneficiary of the IUPAT Plan.

40. As fiduciaries of the IUPAT Plan and the Plaintiff and all beneficiaries of the IUPAT Plan the defendants owe a duty to act prudently and professionally in the interests of the IUPAT Plan and its beneficiaries.

41. Plaintiff is informed and believes that the defendants and each of them have breached their fiduciary duty to the IUPAT Plan and its beneficiaries including Plaintiff through the following actions:

    a. Merger of underfunded pension plans into the IUPAT Plan causing damages to the Plaintiff and all beneficiaries.

    b. Modifying or changing benefits to the detriment of the Plaintiff and all beneficiaries of the IUPAT Plan.

    c. Causing the IUPAT Plan to be placed in critical status and necessitating a pension improvement plan as well as 2nd Funding Improvement Plan and 3rd Funding Improvement Plan for local union/DC.

    d. Providing selective pension benefits to non-covered or otherwise ineligible beneficiaries to the detriment of other IUPAT participants, including Plaintiff.

    e. Causing members and participants to lose benefits as a result of actions by defendants

42. As a result of the defendants' breaches of their fiduciary duties and bad faith actions toward Plaintiff, Plaintiff has been damaged. The exact amount of damages will be established by proof at trial.

43. As a result of the actions of defendants, the Plaintiff had to retain the services of The Urban Law Firm and incurred attorney's fees and costs associated with his claim and this action. Plaintiff is entitled to reimbursement of these and any future legal fees and costs under 29 U.S.C. § 1132(g)(1).

44. In addition to the amounts due by defendants to the Plaintiff, the Plaintiff is requesting payment of interest on the unpaid amounts according to the law.

WHEREFORE, the Plaintiff prays for judgment against defendants, jointly and severally, as follows:

1. That the court issue a declaration of Plaintiff s rights under the IUPAT Plan;

2. Award Plaintiff benefits from the IUPAT Plan in an amount to be determined in accordance with the IUPAT Plan and applicable law;

3. Award Plaintiff his costs and disbursements in this action;

4. Award Plaintiffs reasonable attorney's fees pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

5. Award Plaintiff the appropriate damages under ERISA for defendants' breach of their fiduciary duties;

6. That the Plaintiff be awarded punitive damages as a result of the bad faith actions by defendants;

7. Award such other and further relief as this Court deems just and proper;

DEMAND FOR JURY TRIAL

8. That this action be tried by a jury in accordance with Plaintiff s right to said trial For such additional relief as this Court deems just and proper.

Dated:  April 15, 2019

In Proper Person
JOHN W. SMIRK

John William Smirk